UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

LYNN A. PARISI,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, LYNN A. PARISI, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

4.    Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., is a professional corporation and citizen of the State of Kansas with its principal place of business at 400 North Rogers Road, Olathe, Kansas 66062.

5.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.    Defendant regularly collects or attempts to collect debts for other parties.

7.    Defendant is a "debt collector" as defined in the FDCPA.

8.    Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.    Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.   Defendant left the following messages on Plaintiff's voice mail on her cellular and residential telephone, as indicated, on or about the dates stated:

> <u>January 29, 2010 – To Cellular – Pre-Recorded Message</u>
> This is a message for Lynn A. Parisi. If you are not Lynn A. Parisi, please hang up or disconnect. If you are Lynn A. Parisi, please continue to listen to this message. There will be a 3 second pause in this message. By continuing to listen to this message, you acknowledge you are Lynn A. Parisi. This is Encore Receivable Management. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 800-475-2126.

<u>February 12, 2010 – To Home – Pre-Recorded Message</u>
This is a message for Lynn A. Parisi. If you are not Lynn A. Parisi, please hang up or disconnect. If you are Lynn A. Parisi, please continue to listen to this message. There will be a 3 second pause in this message. By continuing to listen to this message, you acknowledge you are Lynn A. Parisi. This is Encore Receivable Management. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 800-475-2126.

<u>April 10, 2010 – To Home</u>
Hi, this message is for Lynn Parisi, if you're not Lynn please hang up or disconnect. If you are please continue to listen to this message. By continuing to listen to this message you acknowledge you are Lynn Parisi. This is Ms. Johnson with Encore Receivable Management. This is an attempt to collect a debt and any information obtained is used for that purpose. Please contact me regarding important business matter at 1-888-826-8586. Thank you.

<u>May 11, 2010 – To Home - Blank Message</u>

11.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

14.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic

3

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryjoe N.. v Weltman, Weinberg & Reis, Co., et al.*, Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. a declaration that Defendant's calls violate the TCPA;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842

Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658